IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE HARRIS, | ) | CASE NO. 1:14 CV 1213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.  Nature of the case and proceedings**

Before me[1] is an action by Yvonne Harris under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

**B.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Harris, who was 48 years old at the time of the administrative hearing,[10] has an 11th grade education.[11] She previously worked at various jobs[12] at the light exertional level,[13] but has not engaged in any substantial gainful activity since the alleged onset date of February 1, 2012.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Harris had the following severe impairments: asthma, carpal tunnel syndrome, obesity, obstructive sleep apnea, a mood disorder, an anxiety disorder, and a substance addiction disorder.[15]

---

[6] ECF # 12.

[7] ECF # 19 (Harris's brief); ECF # 22 (Commissioner's brief).

[8] ECF # 19-1 (Harris's charts); ECF # 22-1 (Commissioner's charts).

[9] ECF # 18 (Harris's fact sheet).

[10] Transcript ("Tr.") at 26.

[11] *Id.*

[12] *Id.* at 25-26.

[13] *Id.* at 19.

[14] *Id.*

[15] *Id.*

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Harris's residual functional capacity ("RFC"):

> The claimant retains the residual functional capacity to do a range of sedentary work. 20 CFR 404.1567(a) and 416.967(a). Specifically, she can lift, carry, push and/or pull a maximum of 10 pounds, can sit for 6 hours, and can stand and/or walk for 2 hours in and [sic] 8-hour workday, with normal breaks. She can occasionally use ramps and stairs, but can never use ladders, ropes, or scaffolds. She can occasionally finger and feel bilaterally. She must avoid concentrated exposure to extreme cold (less than 32 degrees Fahrenheit) and extreme heat (more than 85 degrees Fahrenheit). She must avoid concentrated exposure to fumes, odors, dust, gases, and poorly ventilated areas. She is limited to simple, routine, low-stress tasks where there is no more than superficial interaction with supervisors, coworkers, and the public. She is precluded from tasks that involve fast-paced production environments, strict time requirements, arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others.[16]

The ALJ decided that this residual functional capacity precluded Harris from performing her past relevant work.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Harris could perform.[18] The ALJ, therefore, found Harris not under a disability.[19]

---

[16] *Id.* at 21-22.

[17] *Id.* at 25-26.

[18] *Id.* at 26-27.

[19] *Id.* at 27.

**C.     Issues on judicial review and decision**

Harris asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Harris presents the following issues for judicial review:

- Whether the ALJ's RFC finding is supported by substantial evidence.

- Whether the ALJ fulfilled his duty to resolve conflicts between the Dictionary of Occupational Titles and the VE's testimony.

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standard of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.      Application of standard**

*1.      RFC finding*

In her first issue, Harris contends that the RFC lacked support because there was no medical assessment of the limitations created by her carpal tunnel syndrome.[21] She argues, citing *Deskin v. Commissioner*,[22] that while the record contains diagnostic evidence of her carpal tunnel syndrome, it does not contain any opinion from a medical source as to how that impairment effects her functional limitations.[23] Accordingly, she maintains that a remand is required so that any limitations imposed by her carpal tunnel syndrome can be determined by a medical source.[24]

The holding in *Deskin* has unfortunately been widely misunderstood as stating a rigid rule forbidding the Commissioner from formulating an RFC in any case where there is

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[21] ECF # 19 at 16.

[22] *Deskin v. Comm'r of Social Security*, 605 F.Supp.2d 908 (N.D. Ohio 2008).

[23] ECF # 19 at 17.

[24] *Id*. at 18.

diagnostic evidence of an impairment, but no medical opinion as to that impairment's functional effect. In fact, as I stated in the subsequent case of *Kizys v. Commissioner of Social Security*:[25]

> *Deskin* sets out a narrow rule that does not constitute a bright-line test. It potentially applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or on an outdated source opinion that does not include consideration of a critical body of objective medical evidence. The ALJ retains the discretion to impose work-related limitations without a proper source opinion where the medical evidence shows "relatively little physical impairment" and the ALJ "can render a commonsense judgment about functional capacity."[26]

Here, as noted, the ALJ found that Harris's carpal tunnel syndrome was a severe impairment. But the ALJ also noted that there is no evidence in the record that she followed through with a 2011 recommendation of surgery to address this concern,[27] and further noted that she admitted to being able to occasionally use her hands to finger and feel, such as when she uses ordinary utensils to feed herself.[28]

This, then, is not the *Deskin* situation where the ALJ relied on a medical source opinion that failed to include an evaluation of later relevant, objective medical evidence. Rather, this matter presents an acknowledged exception to *Deskin* where the ALJ had

---

[25] *Kizys v Comm'r of Social Security*, No. 3-10-cv-25, 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011).

[26] *Id.* at * 2 (footnotes omitted); *accord*, *Soto v. Comm'r of Soc. Sec.*, 2015 WL 630818, at * 10 (N.D. Ohio Feb. 13, 2015)(McHargh, M.J.).

[27] Tr. at 24

[28] *Id.* at 25.

evidence - in the form of the claimant's own testimony and behavior - showing that the functional effects of the carpal tunnel syndrome were less severe than claimed, which finding then permitted the ALJ to make a commonsense judgment about the RFC. Indeed, the RFC in this case specifically incorporates that judgment into its findings that Harris is restricted to sedentary work in an environment with numerous restrictions.[29]

Accordingly, I find that the RFC here is supported by substantial evidence.

*2.* *Step Five issue*

Harris's second assertion is that the Commissioner failed to meet her burden at Step Five. Specifically, she argues that the ALJ failed to clarify conflicts between the VE's testimony concerning two jobs and the description of those jobs in the Dictionary of Occupational Titles.[30]

The Commissioner, in effect, concedes that problems exist as relates to the VE's testimony here, but contends that any error with respect to the document preparer job was harmless, and any problem with how the general office clerk/charge account clerk job was defined was eventually explained away by later testimony of the VE.[31]

---

[29] *Id.* at 21-22.

[30] ECF # 19 at 18-21.

[31] ECF # 22 at 8-10.

The critical question here concerns the job of general office clerk, or charge account clerk, since the Commissioner argues that the admitted error in describing the document preparer job is harmless because Harris could still perform the clerk job.[32]

Harris maintains that the VE testified that she could perform the duties of a "charge account clerk" consistent with the restriction in the RFC limiting her to only superficial interaction with others.[33] But, she contends, the Dictionary of Occupational Titles (DOT) describes the job as involving more extensive interaction with others, thus creating a conflict which the ALJ failed to resolve.[34]

The Commissioner, in response, notes that any conflict was actually resolved by the VE in responding to a question from the claimant's attorney.[35] In particular, the Commissioner notes that the VE testified that a person performing the job of charge account clerk "might have interaction over the telephone but it would be a one-time thing for a specific purpose. So I would call it superficial."[36]

This clear, specific testimony by the VE that the job of charge account clerk involves only superficial interaction with the public provides a firm basis for the ALJ's conclusion that this job is available to someone with Harris's functional limitations. As the

---

[32] *Id.* at 9.

[33] ECF # 19 at 20-21.

[34] *Id.*

[35] ECF # 22 at 9.

[36] *Id.* quoting tr. at 61.

Commissioner further observes, the ALJ then had no additional duty to inquire further of the VE as to whether her testimony was a correct understanding of the requirements of the job at issue.

## Conclusion

For the reasons stated, I find that substantial evidence supports the finding of the Commissioner that Harris had no disability. The denial of Harris's applications is therefore affirmed.

IT IS SO ORDERED.

Dated: August 19, 2015                               s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge